UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WALTER GUY, § | |
|     Plaintiff, § | |
| vs. § | C.A. NO. C-07-473 |
| § | |
| P.A. BRIONES, ET AL., § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is a former inmate at the Nueces County Jail. Proceeding *pro se* and *in forma pauperis*, plaintiff alleged in his complaint that, while incarcerated at the jail on a parole violation, defendants/Nueces County jail officials and medical personnel were deliberately indifferent to his serious medical needs. Following an evidentiary hearing, all claims except for plaintiff's claims against Nurse Jennings and Sgt. Cavazos were dismissed (D.E. 27). Pending is plaintiff's motion for appointment of counsel (D.E. 37).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library or other forms of legal assistance. Bounds, 97 S. Ct. 1491, 1498-99 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1) unless the case presents "exceptional circumstances," thus requiring the appointment. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. While serious, this case is not complex. Plaintiff alleges that defendant/nurse Jennings ignored his complaints of pain and refused to schedule a an appointment for him to see the doctor. Plaintiff alleges that Sgt. Cavazos, after being told of plaintiff's back injury, forced him to walk and lie down while in restraints in a manner which caused serious pain.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. Id. Plaintiff's pleadings demonstrate that he is reasonably intelligent and at his evidentiary hearing he appeared to be reasonably articulate. He also demonstrated that he understood his claims. Plaintiff is in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. A decision on this factor would be premature, as the case has not

yet been scheduled for trial. This factor will be re-examined if the case survives summary judgment.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff has not described any attempts in his motion to hire an attorney. Plaintiff's motion for appointment of counsel (D.E. 37) is denied without prejudice at this time.

ORDERED this 4th day of June, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE