**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| WALTER GUY § | | |
|    TDCJ-CID #10029578 § | | |
| § | | |
| VS. § | | C.A. NO. C-07-473 |
| § | | |
| P.A. BRIONES, ET AL. § | | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT**

Pending is plaintiff's motion to amend his complaint, (D.E. 33), to which defendant Sergeant Cavazos has filed an objection. (D.E. 35). For the reasons stated herein, plaintiff's motion to amend complaint is DENIED.

**I.  Procedural background.**

On December 3, 2007, plaintiff filed his original complaint alleging deliberate indifference to his serious medical needs and conspiracy claims against certain Nueces County Jail officers and medical staff. (D.E. 1). On January 3, 2008, he filed a supplemental complaint alleging that jail staff had illegally searched his cell and confiscated his tennis shoes. (D.E. 6). A Spears[1] hearing was conducted on March 11, 2008. Following the hearing, plaintiff's claims of deliberate indifference against Nurse Patrick Jennings and Sergeant Cavazos were retained, while his remaining claims against the remaining defendants were dismissed. (D.E. 27).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On April 17, 2008, Nurse Jennings filed his Answer. (D.E. 26). On May 3, 2007, Sergeant Cavazos filed his Answer. (D.E. 29).

## II.     Claims before the Court.

In 1992, plaintiff suffered a back injury while at the Nueces County Jail. In October, 2007, he was returned to the Jail on a parole violator's warrant. Because of his prior back injury, plaintiff required special shoes and pain medication; however, his shoes were often confiscated and his pain medication often denied. Plaintiff wrote to Nurse Jennings on several occasions concerning his shoes and medications, and repeatedly asked Nurse Jennings to schedule him for a doctor's appointment. However, plaintiff was not seen by a doctor for approximately two months, and was denied his pain medication for that two month period. Plaintiff claims that Nurse Jennings was aware of his serious medical needs, but ignored his needs, in deliberate indifference to his health.

As to Sergeant Cavazos, plaintiff alleged that, on January 20, 2008, there was a shake down of his living area and cell. During the shakedown, officers ordered the offenders to lie down on the floor. Plaintiff attempted to explain that his medical condition prevented him from doing so; however, Sergeant Cavazos cuffed him behind his back in a two-point restraint, forced him to walk without his cane, and forced him to the ground with his knee, in deliberate indifference to his health and safety.

## III.     Motion to amend.

In his motion to amend complaint (D.E. 33), plaintiff first objects to the March 17, 2008 post-<u>Spears</u>  recommendation entered by the undersigned. (D.E. 19). On April 30,

2008, the recommendation was converted to an order, (D.E. 27), on the basis of plaintiff's consent to the jurisdiction of a magistrate judge to hear and decide his case. (D.E. 17). See also 28 U.S.C. § 636(c). Plaintiff's objections to the order dismissing certain claims and retaining case have been reviewed and are overruled.

In his motion to amend, plaintiff claims that he is seeking to raise a claim for misappropriation of funds. Plaintiff argues that he paid a co-pay fee while suffering a chronic illness, and that Nurse Jennings and the medical staff were negligent in diagnosing and treating his chronic illness. (D.E. 33 at 4).

Plaintiff also claims that on January 20, 2008 during the shakedown of his cell, another employee named "Turish" placed his knee on plaintiff's back and placed him in a two-point restraint,[2] while instructing plaintiff to "shut-up," and that Turish then used excessive force to pull him up to his feet. Plaintiff claims that he told Sergeant Cavazos about the excessive force and requested to see a doctor, but Sergeant Cavazos ordered him to lie on the floor. Plaintiff claims that Sergeant Cavazos conspired to cover-up Turish's unprofessional conduct.

Plaintiff claims that Physician's Assistant ("PA")Briones, a defendant named in plaintiff's original complaint who was dismissed upon plaintiff's own motion at the evidentiary hearing, refused to refer him to a back specialist. He claims that Briones and

---

[2] Plaintiff earlier testified that Sergeant Cavazos performed these acts.

Jennings interfered in his ability to receive a proper medical evaluation.[3] He claims that their actions are "retaliatory."

**IV.     Motion to amend.**

Rule 15of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Little v. Liquid Air. Corp., 952 F.2d 841, 846 (5th Cir. 1992). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). See also J.R. Stripling v. Jordon prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (amendment should be denied if futile).

In this case, plaintiff is attempting to raise omitted claims against a new defendant and also, against a defendant who was dismissed upon his own motion. He fails to offer any justification for not including these omitted claims earlier. He does not argue that he was not aware of those claims or prohibited from bringing them.

---

[3] Interestingly, plaintiff states his claims in the present tense. For example, he claims that PA Briones and Nurse Jennings "continue" to deny him medical care. Plaintiff was released from the Nueces County Jail in February 2008. As such, plaintiff is free to seek any medical treatment he deems necessary.

Plaintiff was released from the Jail in February 2008.  A <u>Spears</u> hearing was held on March 11, 2008.  At that hearing, plaintiff raised his deliberate indifference claims against Sergeant Cavazos, and he was granted leave to amend his complaint to name Sergeant Cavazos as a defendant at that time.  Neither in his original complaint nor at the <u>Spears</u> hearing did plaintiff raise the alleged excessive force claim against "Turish," despite the fact he specifically discussed the January 20, 2008 shakedown of his cell.  Similarly, he did not claim that Sergeant Cavazos was involved in a conspiracy to cover-up another officer's actions.

The Attorney General objects to plaintiff amending his complaint to add Turish and a claim of excessive force, or failure to train claim, or conspiracy claim involving Sergeant Cavazos, arguing that these facts were available to plaintiff when he filed his original complaint, his supplement, and at the evidentiary hearing, but he failed to raise those claims until filing this motion to amend.  Sergeant Cavazos argues that plaintiff's piecemeal presentation of his claims makes it more difficult to defend against the allegations, and that he fails to establish good cause in why he did not raise earlier the claims he seeks to add now.

Indeed, plaintiff had ample opportunity to raise his claims against Turish prior to the instant motion to amend.  In addition, to the extent he claims that Sergeant Cavazos failed to train Turish, or conspired to cover-up Turish's alleged use of excessive force, these allegations fail to state  constitutional violations.  To allege a viable failure to train claim, plaintiff would need to demonstrate that Nueces County had a custom or policy of not training its officers, and he makes no such allegation.  <u>See</u>  <u>Monell v. Dep't of Social</u>

5

Services, 436 U.S. 658, 694, (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.2001). To state a valid conspiracy claim, plaintiff would have to identify individuals that did not belong to the same collective entity. Hilliard v. Ferguson, 30 F.3d 649 (5th Cir. 1994). As such, these claims are without merit, and it would be futile to allow plaintiff to amend his complaint to raise failure to train or conspiracy claims. To add Tunish would place an unnecessary burden on the progression of this case.

Similarly, plaintiff now seeks to add PA Briones and to allege that Nurse Jennings and PA Briones "retaliated" against him. However, plaintiff fails to identify a chronology of events from which retaliation can be inferred. See Morris v. Powell, 449 F.3d 682 (5th Cir. 2006). Plaintiff does not allege that these defendants failed to schedule him to see a back specialist in retaliation for his exercising a constitutional right. Moreover, it was plaintiff who voluntarily moved to dismiss PA Briones at the Spears hearing.

Finally, to the extent plaintiff claims that Nurse Jennings misappropriated funds because plaintiff paid a co-pay for medical services which he deems substandard, he fails to state a constitutional violation. At most, this would be a property claim which he would have to pursue in state court.

**V.     Conclusion.**

Plaintiff's motion to amend is without justification or good cause, and would impose an undue hardship on the defendants who have already appeared and answered herein, or

who have relied on their earlier dismissal. Accordingly, plaintiff's motion to amend complaint (D.E. 33) is DENIED.

ORDERED this 3rd day of July, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE