IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALTER GUY | § | |
|    TDCJ-CID #10029578 | § | |
| | § | |
| VS. | § | C.A. NO. C-07-473 |
| | § | |
| P.A. BRIONES, ET AL. | § | |

### ORDER ON PENDING MOTIONS

This lawsuit involves plaintiff's complaints of deliberate indifference to his serious medical needs against two defendants: Sergeant Cavazos and Nurse Patrick Jennings. This order address various motions that are pending.

**I.   Procedural Background.**

On December 3, 2007, plaintiff filed his original complaint alleging deliberate indifference to his serious medical needs and conspiracy claims against eleven (11) Nueces County Jail officers and medical staff. (D.E. 1). On January 3, 2008, he filed a supplemental complaint alleging that jail staff had illegally searched his cell and confiscated his tennis shoes. (D.E. 6). An evidentiary hearing was conducted on March 11, 2008. Following the hearing, plaintiff's claims of deliberate indifference against Nurse Jennings and Sergeant Cavazos were retained, while his claims against the other nine defendants were dismissed. (See D.E. 19, 27).[1] More specifically, plaintiff's claims against LVN Flores, Physicians Assistant Briones, and Mayor Henry Garrett were dismissed upon plaintiff's representation

---

[1] Initially, it was recommended that the defendants be dismissed; however, following the consent of the parties, the recommendation was entered as an order.

at the evidentiary hearing that he had not intended to sue them in the first place. (D.E. 19 at 3, D.E. 27 at ¶ 1). In addition, based on plaintiff's testimony in the light most favorable to him, it was determined that he had not alleged sufficient facts to state an Eight Amendment claim of deliberate indifference to his serious medical needs as to defendants Officer Morin or Nurse Ramon. (D.E. 17 at 10, D.E. 27 at ¶ 3). Further, it was determined that, even if Sergeant Meyer, Officer Walker, and Officer Williams verbally harassed and threatened him, such conduct did not amount to a constitutional violation. (D.E.17 at 11, D.E. 27 at ¶3). Finally, it was found that plaintiff's failure to train claims against Sheriff Kaelin could not be sustained because he failed to allege either personal involvement or custom and policy to hold this defendant liable under § 1983. (D.E. 17 at 11-12. D.E. 27 at ¶ 3).

On April 17, 2008, Nurse Jennings filed his Answer. (D.E. 26). On May 3, 2007, Sergeant Cavazos filed his Answer. (D.E. 29).

On May 12, 2008, plaintiff filed a motion to amend complaint in which he objected to the undersigned's March 17, 2008 recommendation dismissing the defendants and sought to raise new claims of misappropriation of funds and an excessive force claim against Sergeant Cavazos and another jail employee identified as "Turish." (D.E. 34). On July 3, 2008, plaintiff's objections to the recommendation and dismissal of defendants was overruled and his motion to amend was denied. (D.E. 47).

**II.  Current Dispute.**

A dispute has arisen between the parties concerning discovery, amendment of pleadings, and the current status of defendants. Despite the unquestionable dismissal of the

nine individual defendants by order entered April 30 2008 (D.E. 27), and the denial of plaintiff's motion to amend complaint (D.E. 47), plaintiff continues to proceed as if the dismissed defendants remain in the lawsuit and as if he has additional claims beyond deliberate indifference to his serious medical needs against Sergeant Cavazos and Nurse Jennings . For example, he has sent discovery to Cavazos and Jennings in which he also directs questions to the dismissed defendants, and from which defendants' seek protection. (See 43, 49, 50, 51, 52).

Also, on July 15, 2008, plaintiff filed a motion for leave to file objections to the March 17, 2008 recommendation to dismiss certain claims and to retain case. (D.E. 57). As noted above, plaintiff previously filed objections to the recommendation in his motion to amend complaint. (D.E. 33). Those objections were considered and rejected. (D.E. 47).

In addition, on four separate occasions, plaintiff has filed ***four identical*** pleadings, each with a different title, (D.E. 48, 53, 59, 60), purporting to be either amended complaints or emergency motions for injunctive relief, in which he attempts to restate claims against the dismissed defendants. These five pleadings, (D.E. 48, 53, 57, 59, 60), which consist of the objection to the recommendation, and his argument to reinstate claims against the dismissed defendants, are construed together as a Rule 60(b) motion request for relief from judgment.

### III.  Rule 60(b).

Plaintiff's motion is considered under Rule 60(b) because it was filed more than ten days after entry of judgment. Texas A & M Research Foundation v. Magna Transp., 338 F.3d 394, 400 (5th Cir. 2003).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void and (5) satisfaction, discharge or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Rule 60(b) is not to be used as a substitute or alternative to appeal. Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987). Such a motion must be made within one year after entry of judgment for reasons (1), (2), and (3), and otherwise, within a reasonable time. Fed. R. Civ. P. 60(b).

In his motion for leave to file objections (D.E. 57), plaintiff argues that the Court took his trust and used it as a weapon "to conquer and defeat him...". Id. at 5. In addition, plaintiff charges that the undersigned acted beyond her jurisdiction and "sanctioned herself to function as a party." Id. at 6. He states that the Court misunderstood him when it failed to retain an excessive force claim against an employee named "Turish." Id. at 8, and Ex. A. He continues that Fed. R. Civ. P. 12(h)(3) authorizes dismissal only if the Court lacks subject matter jurisdiction. Id. at 9-10. Plaintiff argues that the plight of prisoners everywhere

4

deserves a forum, such that the Court should allow him to sue all of the originally named defendants. Id. at 13-14.

In support of his Rule 60(b) motion, plaintiff offers the four identical motions. (See D.E. 48, 53, 59, 60). The bulk of each pleading consists of numerous quotes from well-known § 1983 case law, combined with plaintiff's own thoughts and conclusions as to the purposes and uses of § 1983. On pages 11-12, plaintiff describes his pre-jail spinal cord injury and medical care, and claims that Sergeant Cavazos and Turish injured him on January 20, 2008. Id. at 13. See also D.E. 57, Ex. A., Aff't of Robert Rodriguez. On page 27-28, plaintiff complains that Sheriff Kaelin was responsible for his subordinates failing to provide him with proper medical care. Id. He claims that Officer Morin failed to follow medical orders regarding his treatment. Id. On page 28, he concludes that all defendants, Sergeant Cavazos, Nurse Jennings, and those previously dismissed, have all engaged in a conspiracy to deny him medical care, harass him, and deny him his rights.

Plaintiff fails to present any facts or arguments that would justify setting aside dismissal of the original defendants or denial of his claims against Turish or other claims against Sergeant Cavazos. Indeed, he offers no additional facts or claims than the Court had not already considered in his original complaint or at the evidentiary hearing, to justify relief from judgment. Plaintiff fails to offer any basis in law or fact to support his argument that the Court erred in dismissing any defendant or in denying the amendment of his complaint.[2]

---

[2] In denying leave to amend, it was noted that plaintiff had the information concerning the alleged January 20, 2008 shakedown and use of force involving Sergeant Cavazos and Turish

As such, plaintiff is not entitled to relief from judgment.  Accordingly, his Rule 60 (b) motions (D.E. 48, 53, 57, 59, 60) are DENIED.

## IV.  Injunctive Relief

Plaintiff, in his motions filed July 9, 2008,  and July 15, 2008, also requests emergency injunctive relief (D.E. 53-1, 53-2, 59-1, 59-2).  In order to obtain a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1)  there is a substantial likelihood of success on the merits; (2) there is a substantial threat he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest.  Karaha Bodas Co., L.L.C. v. Perusahaan Pertamabangan Minyak Dan Gas Bumi Negara, 335 F.3d 357, 363 (5th Cir. 2003); Justin Indus. v. Choctaw Sec., L.P., 920 F.2d 262, 268 n. 7 (5th Cir. 1990).  A preliminary injunction is an extraordinary remedy; it should be granted only if the plaintiff clearly carries the burden of persuasion as to all four factors.  Karaha Bodas Co., 335 F.3d at 363;  Mississippi Power & Light v. United Gas Pipe Line, 760 F.2d 618, 621 (5th Cir. 1985).

Here plaintiff has failed to specify the injunctive relief he requests, and because he is no longer in custody subject to contact with either defendant, plaintiff cannot show irreparable harm by defendants.  Plaintiff's motions (D.E. 53-1, 53-2) are denied.

---

at both the time he filed his complaint, supplement, and the evidentiary hearing, yet he never raised the claim until after Sergeant Cavazos had filed an Answer.  (D.E. 47).  Moreover, there is no limitations problem regarding these alleged claims.

**V.     Discovery**.

Plaintiff has sent discovery to Sergeant Cavazos in which he directs questions to the dismissed defendants. (See D.E. 58, Ex. A). Sergeant Cavazos moved for a protective order. (D.E. 43). In addition, plaintiff sent a second set of interrogatories to Cavazos that are repetitive, resemble a jury charge, and that question Cavazos about damages, even though he is a defendant. (See D.E. 44). Sergeant Cavazos has filed a second motion for protective order. (D.E. 58). Plaintiff has filed motions to compel both defendants to answer the interrogatories and to produce documents. (See 49, 50, 51, 52).

Having reviewed the discovery requests, defendant Cavazos' requests for protective orders (D.E. 43, 48) are GRANTED. Defendant Cavasos is not required to answer questions on behalf of individuals who are not parties to this lawsuit. Moreover, the second set of interrogatories is not appropriate.

Plaintiff's motions to compel answers to interrogatories (D.E. 49, 50) are DENIED for the same reasons.

Concerning production of documents, plaintiff's request to Sergeant Cavazos reads:

(1)     All written statements, originals or copies identifiable as reports of Sgt. Cavazos made by prison and civilian employees of the Nueces County Jail and the correctional facility and prisoner witnesses;

(2)     All interdepartmental memorandum regarding rules, regulations, and policy directive of Nueces County Jail and [illegible] individual inmate Garry Gundy __ Central File and complete Nueces County Jail records and incident reports filed by person [sic] staff .

See D.E. 51.

This request is nonsensical. It is unclear in the first request whether plaintiff is seeking reports that Sergeant Cavazos produced or that were produced by others about him. Regardless, there is no context, and the request is overly broad. As to the second request, the reference to someone named Garry Gundy renders this absurd. Plaintiff's motion to compel production, (D.E. 51), is DENIED.

Similarly, plaintiff's request to compel production as to defendant Nurse Jennings is overly broad and far-reaching and is DENIED. (See D.E. 52). Plaintiff must identify specific items he needs and not attempt to burden defendants with overly broad requests.

## VI. Conclusion

For the reasons stated above, plaintiff's motions (D.E. 49, 50, 51, 52, 53-1, 53-2, 57, 59-1, 59-2) are denied. Defendants' motions for a protective order (D.E. 43, 58) are granted, and defendants' motions to strike the amended complaint (D.E. 55, 61) are granted.

ORDERED this 8th day of August, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE