IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALTER GUY | § | |
|    TDCJ-CID #10029578 | § | |
| | § | |
| VS. | § | C.A. NO. C-07-473 |
| | § | |
| P.A. BRIONES, ET AL. | § | |

**ORDER GRANTING IN PART, DENYING IN PART,
PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

Pending is plaintiff's second motion for an order compelling discovery. (D.E. 70), to which defendant Sergeant Cavazos has filed a response in opposition. (D.E.72). For the reasons stated herein, plaintiff's motion to compel is granted in part, and his request for monetary sanctions is denied.

**I.     Procedural Background.**

Plaintiff is suing Sergeant Cavazos, an officer employed at the Nueces County Jail, and Nurse Patrick Jennings, alleging deliberate indifference to his serious medical needs. (See D.E. 1, 19). In particular, plaintiff suffers from a back injury and must ambulate with a cane and wear special tennis shoes. He claims that, while incarcerated at the Nueces County Jail,[1] Sergeant Cavazos forced him to walk without his cane, lie on the ground, and then Sergeant Cavazos kneeled on his back, causing him unnecessary pain and suffering. Plaintiff claims that he repeatedly asked Nurse Jennings to schedule a doctor's appointment,

---

[1] Plaintiff has since been released from the Nueces County Jail.

but he refused to do so, despite the fact that plaintiff was under constant doctor supervision in the free world.

On July 9, 2008, plaintiff filed motions to compel against each defendant complaining that they had failed to answer interrogatories or to produce requested documentation. (See D.E. 49, 50, 51, 52).

On August 8, 2008, plaintiff's discovery motions to compel were denied. (D.E. 68).

On August 12, 2008, plaintiff filed the instant second motion to compel. (D.E. 70).

## II.    Instant Motion to Compel.

In his instant second motion for an order compelling discovery (D.E. 70), plaintiff states that Sergeant Cavazos has refused to produce for inspection or copying the following:

> The kind of documents which have been requested from prison officials include: policy statements, prison/jail rules and regulations and manuals, minutes of staff meetings, and incidents reports filed by prison/jail staff etc. "appears reasonably calculated to lead [sic] discovery of admissible evidence."

(D,E. 70 at 1-2). Plaintiff goes on to state that defendant has failed to produce non-privileged information known to his attorney.

In his response, (D.E. 72), Sergeant Cavazos notes that he has already produced to plaintiff all non-privileged documents in his possession concerning the January 20, 2008 incident that forms the basis of plaintiff's suit against him. Id. at Ex. B.

Discovery is not to be used as a fishing expedition. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1396 (5th Cir. 1994). Moreover, defendant points out that, following entry of the August 8, 2008 order (D.E. 68)

denying plaintiff's first motion to compel, plaintiff has made no attempt to confer with opposing counsel regarding the documents he is now seeking.  Plaintiff is reminded that he is always required to discuss discovery matters first with opposing counsel before seeking assistance with the Court, and particularly before seeking monetary sanctions, as he did in this case.

However, to move this case forward, to the extent Nueces County Jail has any written documents, policies or procedures regarding cell searches in general and cell searches of medically disabled prisoners/detainees in particular, defendant Sergeant Cavazos is ordered to produced those documents to plaintiff **within ten (10) days of the date of entry of this order.**  In addition, if the Jail has any written policies regarding searches of medically disabled prisoners, such as those using canes to ambulate or other individuals that may be exempt from routine searches, defendant shall provide a copy of those policies to plaintiff. If no such written policies exist, provide a statement to that effect within the required time period.

Plaintiff is not entitled to sanctions, and his request for such was irresponsible.  He is instructed to not make such frivolous requests in the future.

ORDERED this 11th day of September, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE